IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>GORDON LEE CONNELLY,<br><br>Defendant. | CR 21-21-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Gordon Lee Connelly (Connelly) has been accused of violating the conditions of his supervised release. (Docs. 42). Connelly admitted the alleged violation. Connelly's supervised release should be revoked. Connelly should be sentenced to TIME SERVED, with not term of supervised release to follow.

## II.  Status

Connelly pleaded guilty on June 23, 2021, to the offenses of Count 2: Strangulation, in violation of 18 U.S.C. §§ 113(a)(8), 1153 (a); Count 3: Assault Resulting in Substantial Bodily Injury, in violation of 18 U.S.C. §§ 112(a)(7), 1153(a) and Count 4: Interstate Violation of Protection Order, in violation of 18 U.S.C. § 2262(a)(1). (Doc. 22). The Court sentenced Connelly to 42 months of custody, followed by 3 years of supervised release on each count, with the custodial and supervised release terms to run concurrently. (Doc. 29). Connelly's current term of supervised release began on October 4, 2024.

**Petition**

On March 27, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Connelly's supervised release. (Doc. 42). The Petition alleged Connelly violated a condition of his supervised release by: (1) after being ordered on March 17, 2025, by Chief United States District Judge Brian Morris to take all mental health medications prescribed by his treating physician, refused to do so since March 21, 2025.

**Initial Appearance**

Connelly appeared before the Court on April 9, 2025. Connelly was represented by counsel. Connelly stated that he had read the Petition and that he understood the allegation against him. Connelly waived his right to a preliminary hearing.

**Revocation hearing**

Connelly appeared before the Court on April 9, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Connelly requested an evidentiary hearing, and indicated he was prepared to proceed with such hearing. The Court then proceeded with the evidentiary hearing. The Court heard testimony from United States Probation Officer Jessica Simonsen. Based upon the evidence presented, the Court determined that the Government had met its burden of proof that it was more likely than not that Connelly had violated the conditions of supervised release as set forth in the Petition by: (1) after being ordered on March 17, 2025, by Chief United States District Judge Brian Morris to take all mental health medications prescribed by his treating physician, refused to do so since March 21, 2025. Connelly's admitted violation is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Connelly appeared before the Court on April 9, 2025. Connelly's violations are Grade C. His criminal history category is I. Connelly's underlying offense for Count 2 is a Class C felony and his underlying offenses for Counts 3 and 4 are Class D felonies. Connelly could be incarcerated for up to 24 months. Connelly could be ordered to remain on supervised release for 36 months less any custody time

imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Connelly's supervised release should be revoked. Connelly should be sentenced to TIME SERVED, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Connelly that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Connelly of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Connelly that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Connelly waived his rights to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That GORDON LEE CONNELLY has violated the conditions of his supervised release by: (1) after being ordered on March 17, 2025, by Chief United States District Judge Brian Morris to take all mental health medications prescribed by his treating physician, refused to do so since March 21, 2025.

The Court **RECOMMENDS:**

That the District Court revoke Connelly's supervised release and sentence Connelly to TIME SERVED, with no term of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 9th day of April 2025.

_____
John Johnston
United States Magistrate Judge